IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY WALL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19cv00260 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| HAROLD CLARKE, et al., | ) | By: Hon. Pamela Meade Sargent |
|     Defendants. | ) | United States Magistrate Judge |

The plaintiff, Gary Wall, ("Wall"), a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Wall's remaining constitutional claims include alleged violations of his Eighth and Fourteenth Amendment rights related to his long-term confinement in segregation at Red Onion State Prison. In Claim II of the Second Amended Complaint, Wall asserts a due process claim against Lt. J. Kiser, A. Gallihar, W. Swiney, A. Duncan, L. Collins, S. Day, C. Gilbert, G. Adams, C. Stanley, J. Lambert, R. Kegley, R. Boyd, and Jeffrey Kiser. In Claim III, Wall asserts an Eighth Amendment claim challenging his conditions of confinement in segregation against Jeffrey Kiser, M. Taylor, L. Collins, J. Artrip, and M. Elam. The matter is now before the court on Wall's Motion for Entry of Default against the foregoing defendants, (Docket Item No. 148), and his Motion for Default Judgment, (Docket Item No. 157). For the following reasons, both motions are denied.

I.

This case has a lengthy and unusual procedural history. Wall originally filed suit in March 2019, naming 31 individuals as defendants. After service of process

was accomplished, the Office of the Attorney General of Virginia appeared on behalf of 30 defendants associated with the Virginia Department of Corrections, (collectively, the "VDOC defendants"), including the defendants identified above. On October 4, 2019, the VDOC defendants moved to dismiss some of the claims against them, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). (Docket Item No. 49.) That same day, an Answer was filed on behalf of five VDOC defendants pertaining to three claims. (Docket Item No. 48.)

The plaintiff subsequently moved to amend. By Order entered July 14, 2020, Senior United States District Judge Jackson L. Kiser granted Wall's Second Motion to Amend and directed the Clerk to docket the plaintiff's proposed Second Amended Complaint as the operative pleading. (Docket Item No. 66.) The Order also dismissed the VDOC defendants' pending Motion to Dismiss as moot.

The Second Amended Complaint was docketed that same day. (Docket Item No. 67.) The pleading included six numbered claims, four of which asserted violations of Wall's constitutional rights, and two of which asserted state tort claims.

On September 18, 2020, the case was transferred from Judge Kiser to United States District Judge Thomas T. Cullen. On October 23, 2020, VDOC defendants L. Collins, A. Duncan, Lt. J. Kiser, Lt. G. Adams, R. Boyd, Lt. J. Lambert, Sgt. B. Meade, Sgt. J. Dickenson, K. Moore, J. Looney, E. Sowards, A. Mullins, B. Begley and C. Gilbert filed an Answer to Claims I, III and V of the Second Amended Complaint. (Docket Item No. 76.) That same day, all 30 VDOC defendants moved to dismiss other claims. (Docket Item No. 77.)

On November 22, 2021, Judge Cullen entered an Order granting in part and denying in part the VDOC defendants' Motion to Dismiss. (Docket Item No. 103.)

The Order specified that the case would proceed on certain claims, including the segregation-related Eighth and Fourteenth Amendment claims asserted in Claims II and III. In the accompanying Memorandum Opinion, Judge Cullen noted that Wall is one of 12 plaintiffs in *Thorpe v. Va. Dep't of Corrs.*, No. 2:20CV00007 (W.D. Va.), a putative class action involving similar Eighth and Fourteenth Amendment claims arising from the named plaintiffs' long-term confinement in segregation. Judge Cullen directed the parties to brief the court within 14 days on "whether and to what extent Wall's participation in [*Thorpe*] have a bearing on this action." (Docket Item No. 103 at 2.) He also directed the remaining VDOC defendants to "file any motion for summary judgment on the remaining claims within 45 days." (Docket Item No. 103 at 2.)

On December 6, 2021, the VDOC defendants filed a response to the Order, in which they argued that Wall's due process and Eighth Amendment claims related to his long-term confinement in segregation are at least partially duplicative of the due process and Eighth Amendment claims asserted in *Thorpe*. (Docket Item No. 104.) On December 14, 2021, Judge Cullen directed Wall to file any response to the VDOC defendants' arguments within 14 days. (Docket Item No. 107.) Wall did not file a response.

On January 6, 2022, the VDOC defendants filed a Motion for Summary Judgment. (Docket Item No. 116.) In their accompanying brief, the VDOC defendants noted that they were not moving for summary judgment on the segregation-related claims asserted in Claims II and III on the basis that the claims are being litigated by counsel on behalf of Wall and other named plaintiffs in *Thorpe*. (Docket Item No. 117 at 17–18.)

On January 10, 2022, the case was transferred to Senior United States District Judge James P. Jones. On January 19, 2022, Judge Jones issued an Order staying further proceedings, pending the resolution of an interlocutory appeal in *Thorpe*. (Docket Item No. 124.) The stay was lifted on July 8, 2022, following the issuance of the Fourth Circuit's decision on the interlocutory appeal. *See Thorpe v. Clarke*, 37 F.4th 926, 931 (4th Cir. 2022) (affirming the denial of a motion to dismiss on the grounds of qualified immunity).

On February 1, 2023, Wall filed a Motion for Entry of Default against Swiney, Duncan, Collins, Day, Gilbert, Adams, Stanley, Lambert, Kegley, Boyd, Artrip, Elam, Jeffrey Kiser, Lt. J. Kiser, and Gallihar, asserting that these defendants failed to answer Claims II and III after the Motion to Dismiss filed on their behalf was denied by Judge Cullen. (Docket Item No. 148.) On March 15, 2023, Wall filed a Motion for Default Judgment against the same defendants. (Docket Item No. 157.) The defendants have opposed both motions and have requested leave to file an amended answer. (Docket Item Nos. 152 and 158.)

II.

Federal Rules of Civil Procedure Rule 55 establishes a two-step process for obtaining a default judgment. First, a plaintiff must seek and obtain an entry of default from the clerk. FED. R. CIV. P. 55(a). Under Rule 55(a), the clerk "must enter" default against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Then, if "the plaintiff's claim is [not] for a sum certain or a sum that can be made certain by computation," the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b).

Because of the "strong policy of determining cases on their merits, . . . default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). Such relief is normally "available only when the adversary process has been halted because of an essentially unresponsive party." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). "Although the term 'otherwise defend' as used in Rule 55(a) is not defined in the Rules, it is generally understood to include not only an answer, but also preliminary motions that indicate the party's intention to defend actively against the suit, such as motions to dismiss or motions for summary judgment." *Johnson v. Warner*, No. 7:05CV00219, 2009 WL 586730, at *4 (W.D. Va. Mar. 6, 2009) (footnote and citations omitted).

In this case, the VDOC defendants against whom Wall seeks an entry of default and default judgment admittedly failed to answer the segregation-related claims asserted in Claims II and III after Judge Cullen denied their Motion to Dismiss. It is clear from the record, however, that they have made consistent efforts to defend this action, including filing a motion for summary judgment, and that they have not failed to otherwise defend these particular claims. Instead, they have asserted that Claims II and III are at least partially duplicative of claims being litigated in *Thorpe* and that Wall should not be permitted to pursue the same claims in two separate actions. This issue remains to be decided, and the defendants' filings reflect no intention to leave Claims II and III uncontested in the event that such claims are permitted to proceed. *See Rashidi v. Albright*, 818 F. Supp. 1354, 1355–56 (D. Nev. 1993) (finding a motion for summary judgment sufficient to satisfy the "otherwise defend" requirement under Rule 55(a) since it demonstrated "a concerted effort and an undeniable desire to contest the action").

For these reasons, the court concludes that Wall is not entitled to an entry of default against Swiney, Duncan, Collins, Day, Gilbert, Adams, Stanley, Lambert, Kegley, Boyd, Artrip, Elam, Jeffrey Kiser, Lt. J. Kiser and Gallihar, or a default judgment. The court will deny Wall's motions and grant the defendants' request to file an amended answer.

### III.

In accordance with this Opinion, it is hereby **ORDERED** as follows:

1. Wall's Motion for Entry of Default, (Docket Item No. 148), and his Motion for Default Judgment, (Docket Item No. 157), are **DENIED**;
2. The named defendants' request to file an amended answer is **GRANTED**; and
3. An amended answer shall be filed within 14 days of the entry of this Opinion and Order.

The Clerk will mail Wall a copy of this Opinion and Order.

**ENTERED**: This 24th day of March, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE