# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **GARY WALL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00260 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **HAROLD CLARKE, DIRECTOR OF VDOC, ET AL.,** | ) ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

The plaintiff, Gary Wall, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against correctional officials with the Virginia Department of Corrections (collectively, the VDOC defendants) and a nurse at Red Onion State Prison. Wall's Second Amended Complaint asserts multiple claims against the VDOC defendants under federal and state law. The VDOC defendants moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion to Dismiss was granted in part and denied in part by another judge of this court. Wall has filed a Motion for Reconsideration under Federal Rule of Civil Procedure 60(a) and an Amended Motion for Reconsideration under the same Rule. Wall argues that the court dismissed two claims "based on oversight of the record." Pl.'s Mot. Recons. 1, ECF No. 126; Pl.'s Am. Mot. Recons. 1, ECF No. 138. For the following reasons, the motions are denied.

Rule 60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Fourth Circuit has explained that Rule 60(a) permits "courts to perform mechanical adjustments to judgments, such as correcting transcription errors and miscalculations." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014). The Rule "also authorizes a court to correct a mistake arising from oversight or omission," such as "when there is an inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment." *Id.* at 265–66 (internal quotation marks and citation omitted). The Fourth Circuit has made clear, however, that "a court may not employ Rule 60(a) to reconsider a matter that has already been decided." *Id.* at 265. "The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court *changes its mind . . . .*" *Id.* (internal quotation marks and citation omitted); *see also Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012) (explaining that Rule 60(a) allows for "clarifications" that do "not change the operative, substantive terms of the original judgment").

Here, Wall challenges the dismissal of his civil conspiracy claim under § 1983 and his claim of willful and wanton negligence under Virginia law. In dismissing both claims, the court concluded that Wall's allegations did not satisfy the applicable

pleading requirements. Mem. Op. 19–21, ECF No. 102. Wall's motions do not identify any clerical error or oversight amenable to correction under Rule 60(a). Instead, he argues that both claims were sufficiently pled in the Second Amended Complaint and that the court erred in dismissing them under Rule 12(b)(6). Such arguments clearly fall outside the scope of Rule 60(a).

Because the court's decision on the Motion to Dismiss "did not resolve all claims against all parties, [it] was interlocutory and thus subject to revision at any time" under Federal Rule of Civil Procedure 54(b). *Saint Annes Dev. Co. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) (unpublished). When an order is entered by one judge and then reviewed by another, however, "courts have held that the latter judge should be hesitant to overrule the earlier determination." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). Courts have further "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id.* Although a court may depart from the law of the case where there is "clear error causing manifest injustice," this exception is not easily invoked. *Id.* (internal quotation marks and citations omitted). The Fourth Circuit has held that "a prior decision does not qualify for the clearly erroneous exception to the law of the case doctrine by being just maybe or probably wrong." *L.J. v. Wilbon*, 633 F.3d 297, 311 (4th Cir. 2011) (internal quotation marks and citations omitted). Instead, "it must be 'dead wrong.'" *Id.* (citation omitted).

Having reviewed the record, I cannot say that the court erred in evaluating the sufficiency of Wall's allegations, much less that the court was "dead wrong" in concluding that Wall failed to state a plausible claim for civil conspiracy under § 1983 or for willful and wanton negligence.  Accordingly, I also conclude that Wall has not set forth an adequate basis for relief under Rule 54(b).

For the foregoing reasons, it is hereby **ORDERED** that Wall's Motion for Reconsideration, ECF No. 126, and his Amended Motion for Reconsideration, ECF No. 138, are DENIED.

ENTER:  March 29, 2023

/s/  JAMES P. JONES
Senior United States District Judge