## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **GARY WALL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00260 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Gary Wall, Pro Se Plaintiff; Richard C. Vorhis, Senior Assistant Attorney General, Richmond, Virginia, for Defendants.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against more than twenty individuals employed by the Virginia Department of Corrections (collectively, the VDOC defendants).  Wall's Second Amended Complaint asserted multiple constitutional claims against the VDOC defendants, including alleged violations of his Eighth and Fourteenth Amendment rights related to his long-term confinement in segregation.  On March 29, 2023, I granted in part and denied in part a Motion for Summary Judgment filed by the VDOC defendants.  In the same Opinion and Order, I sua sponte dismissed the Eighth and Fourteenth Amendment claims related to the solitary confinement asserted against three VDOC defendants on the basis that they are duplicative of the claims asserted against the same defendants in *Thorpe v. Virginia Department of*

*Corrections*, No. 2:20CV00007 (*Thorpe*), a class action pending in this court in which Wall is one of the named plaintiffs.  I directed the parties to brief whether these claims against other remaining defendants should be severed into a separate action and, if so, whether further proceedings on such claims should be stayed pending the outcome of *Thorpe*.  After review of the record in both cases and the parties' responses, I find it appropriate to sever and stay these claims.

## I.

Federal Rule of Civil Procedure 21 provides that a district court "may at any time, on just terms, add or drop a party" or "sever any claim against a party."  Fed. R. Civ. P. 21.  "It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rise v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also Spencer, White & Prentis Inc. v. Pfizer Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). In determining whether severance is appropriate, courts consider: (1) whether the claims to be severed are significantly different from other claims; (2) whether the claims will require different witnesses or documentary proof; (3) whether a party will be prejudiced if a severance is granted; and (4) whether a party will be prejudiced if claims are not severed. *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007).

Here, the relevant factors weigh in favor of severing Wall's claims that he was held in solitary confinement without receiving due process and that his conditions of confinement violated his Eighth Amendment right to be free from cruel and unusual punishment. The factual and legal issues presented by these claims are distinct from those presented by the other remaining claims of retaliation, excessive force, assault, and battery, and will require different witnesses and documentary evidence. Additionally, given the number of issues and defendants, trying all of the claims together would be unwieldy, confusing to a jury, and potentially prejudicial to both sides. Severance will also enable the case to proceed to trial more quickly on the claims that survived summary judgment and are ready to be tried.

For these reasons, I find that severance is appropriate.

## II.

I also find it appropriate to stay further proceedings in the new civil action pending the resolution of *Thorpe*. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The decision to stay litigation rests within the broad discretion of the district court. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.").

Here the relevant factors weigh in favor of staying further proceedings on the claims being severed into a new action. Although the defendants in the new action do not overlap with those named in *Thorpe*, the cases clearly involve common issues of law and fact. In both cases, Wall claims that he was subjected to unconstitutionally cruel conditions of confinement and that he did not receive minimally adequate process to protect his liberty interest in avoiding long-term confinement in segregation. The resolution of the claims and defenses in *Thorpe* may substantially affect the claims and defenses asserted in the new action. The imposition of a stay will therefore promote the interests of judicial economy and consistency and avoid duplication of effort. It will also obviate any ethical concerns associated with defense counsel communicating directly with Wall about the same issues for which he is represented by counsel in the class action. Finally, given the current trial schedule in *Thorpe*, a stay will not unduly prejudice any party. For these reasons, I find that a stay is warranted.

III.

In accordance with the foregoing, it is **ORDERED** as follows:

1.  The present case, No. 7:19CV00260, shall proceed solely on the First Amendment retaliation claims against Sgt. B. Meade, K. Moore, J. Looney, A. Duncan, and L. Collins, and the Eighth Amendment and state law claims of excessive force, assault, and battery against J. Dickenson, A. Mullins, and B. Begley.  The Clerk is directed to set the present case, limited to those claims, for jury trial;

2.  The solitary confinement Eighth and Fourteenth Amendment claims are hereby severed into a new and separate civil action against Lt. J. Kiser, A. Gallihar, W. Swiney, A. Duncan, L. Collins, S. Day, C. Gilbert, G. Adams, C. Stanley, J. Lambert, R. Kegley, R. Boyd, M. Taylor, and J. Artrip;

3.  The Clerk shall docket a copy of the Second Amended Complaint, ECF No. 67, in the new civil action as well as a copy of the Answer thereto, ECF No. 163, and a copy of this Order; and

4.  All further proceedings in the new action are STAYED pending the resolution of *Thorpe* and further order of the court.

ENTER:  July 27, 2023

/s/  JAMES P. JONES
Senior United States District Judge