# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **GARY WALL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00260 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*GARY WALL, PRO SE PLAINTIFF.*

The plaintiff, Gary Wall, a Virginia inmate proceeding without counsel, filed this civil rights action under 42 U.S.C. § 1983 against multiple defendants, including Correctional Officer K. Moore and Nurse C. Price. In his Second Amended Complaint, Wall alleged that Moore and Price acted in concert to falsely charge him with a disciplinary offense on January 28, 2018, in retaliation for filing a grievance or lawsuit. He asserted a First Amendment retaliation claim against both defendants, as well as a civil conspiracy claim under § 1983 and a claim of willful and wanton negligence under Virginia law. He sought to hold the defendants jointly and severally liable for his alleged damages.

All of the defendants appeared in the case with the exception of Price, who is in default. Moore and the other defendants employed by the Virginia Department of Corrections (collectively, the VDOC defendants) moved to dismiss certain claims

under Federal Rule of Civil Procedure 12(b)(6). That motion was granted with respect to the civil conspiracy claim and the claim of willful and wanton negligence.

Following the partial denial of a Motion for Summary Judgment filed by the VDOC defendants, several claims proceeded to a jury trial beginning on December 4, 2023, including the First Amendment retaliation claim against Moore. At trial, Moore denied that Wall's January 2018 disciplinary charge was false or that it was issued in retaliation for filing a grievance or lawsuit. On December 6, 2023, the jury returned a verdict in favor of Moore and the other remaining VDOC defendants, leaving only the claims against Price.

In *Frow v. De La Vega*, 82 U.S. 552 (1872), "the Supreme Court held that when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided." *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997). The Supreme Court explained that defendants sued jointly should not be subjected to inconsistent judgments and that if an action against the nondefaulting defendants is decided in their favor, then the action should "be dismissed as to all the defendants alike—the defaulter as well as the others." *Frow*, 82 U.S. at 554. Although *Frow* involved a claim of "joint fraud," *id.*, "the Fourth Circuit has concluded that *Frow* applies not only to defendants who are alleged to be jointly liable, but also to those defendants

thought to be jointly and/or severally liable, or who are otherwise closely interrelated." *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 435 (E.D. Va. 2006) (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944–45 (4th Cir. 1967)).

As noted above, Wall alleged that Moore and Price acted in concert to falsely charge him with a disciplinary offense in retaliation for engaging in conduct protected by the First Amendment. If I were to grant default judgment against Price on the claim of retaliation, the result would be inconsistent with the jury's verdict on the claim against Moore. In these circumstances, *Frow* and its progeny preclude the entry of default judgment. Because the claims against Price and Moore are based on allegations of concerted action and are otherwise closely interrelated, the jury's verdict inures to the benefit of both defendants. *Peerless Ins. Co.*, 374 F.2d at 945; *see also Mitchell v. Morgan*, 844 F. Supp. 398, 405 (M.D. Tenn. 1994) (declining to enter default judgment against a correctional officer since the jury found in favor of the other officers with whom he allegedly acted in concert to place the plaintiff in an unsanitary prison cell). Accordingly, I will dismiss the retaliation claim against Price. *See In re First T.D. & Inv. Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.").

I will also dismiss the civil conspiracy claim under § 1983 and the claim of willful and wanton negligence under Virginia law. The same claims asserted against Moore and other VDOC defendants were previously dismissed for failure to state a claim under Rule 12(b)(6). The same rationale warrants dismissal of the claims against Price. *See* 28 U.S.C. § 1915A(b)(1) (authorizing sua sponte dismissal of any portion of a complaint filed by a prisoner that fails to state a claim upon which relief may be granted). Additionally, in the absence of an underlying constitutional violation, the § 1983 conspiracy claim "necessarily fail[s]." *Saunders v. Thies*, 38 F.4th 701, 715 (8th Cir. 2022).

For these reasons, it is hereby **ORDERED** that the claims against Nurse C. Price are DISMISSED.

ENTER: December 19, 2023

/s/  JAMES P. JONES
Senior United States District Judge