# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GARY WALL,** | ) |
| Plaintiff, | ) Case No. 7:19CV00260 |
| v. | ) **OPINION** |
| **HAROLD CLARKE, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Gary Wall, Pro Se Plaintiff; Andrew R. Page, Assistant Attorney General, Richmond, Virginia, for Defendants.*

This case proceeded to a jury trial on pro se plaintiff Gary Wall's claims of unlawful retaliation asserted against state prison officers B. Meade, K. Moore, J. Looney, A. Duncan, and L. Collins, and his claims of excessive force, assault, and battery against officers J. Dickenson, A. Mullins, and B. Begley. Prior to the start of trial, I conducted a hearing on Wall's Motion for Spoliation Sanctions. I took the motion under advisement pending my review of the evidence presented at trial. At the close of the parties' evidence, I denied the motion. This Opinion sets forth the grounds on which the motion was denied.

I.

Each of the claims that proceeded to trial was based on events that allegedly occurred at Red Onion State Prison, where Wall was previously incarcerated. As

relevant here, the claims included (1) a First Amendment retaliation claim against Moore, in which Wall alleged that Moore falsely charged him with a disciplinary offense on January 28, 2018, in retaliation for filing a grievance or lawsuit; (2) a First Amendment retaliation claim against Looney, in which Wall alleged that Looney falsely charged him with a disciplinary offense on February 7, 2018, in retaliation for filing a lawsuit against another correctional officer; and (3) claims of excessive force, assault, and battery against Dickenson, Mullins, and Begley arising from the use of force in removing Wall's handcuffs on June 7, 2018, after he was moved from a cell in the C-100 pod to a cell in the C-300 pod, following the deployment of pepper spray.

The disciplinary offenses with which Wall was charged by Moore and Looney were based on actions that allegedly occurred inside Wall's cell in the C-300 pod. Moore reported that Wall began masturbating as she approached his cell door during pill pass on January 28, 2018, and that she observed the lewd act through the cell door window. Looney reported that, during a shakedown search of Wall's cell on February 7, 2018, Looney found a pair of orange prison pants that had been ripped into strips. Wall denied committing the offenses charged by Moore and Looney, and asserted that Looney ripped the pants himself while searching the cell. Wall also testified that the charge of engaging in a lewd or obscene act was dismissed on appeal by the Warden of Red Onion.

Wall's Motion for Spoliation Sanctions was premised on the defendants' inability to produce certain video evidence that Wall had previously requested for use at trial. The requested evidence consisted of (1) surveillance footage from the C-300 pod on January 28, 2018; (2) surveillance footage from the C-300 pod on February 7, 2018; and (3) surveillance footage from the C-100 pod on June 7, 2018. Wall asserted that the January 2018 surveillance footage would have shown Moore's actions during pill-call and the incident at issue; that the February 2018 surveillance footage would have shown Looney's actions during [the cell] shake-down; and that the June 2018 surveillance footage would have shown Dickenson's actions. Mot. Spoliation Sanctions 3, ECF No. 175. Wall requested sanctions in the form of default judgment against Moore and Looney on the retaliation claims. He also requested that an adverse inference instruction be given to the jury in relation to his claims against Dickenson.

In response to the Motion for Spoliation Sanctions, the defendants submitted an affidavit executed by B.T. Bolling, the Institutional Investigator at Red Onion. Bolling indicated that Red Onion intelligence staff had searched the external video drive for the video footage requested by Wall and found no saved video footage from the C-300 pod on January 28, 2018, or February 7, 2018. Bolling noted that any video footage that had not been retained from those two dates would have been automatically recorded over by the camera system. As for the requested footage

from June 7, 2018, Bolling stated that five video clips had been retained and transferred to an external drive as provided by VDOC policy but that three of those clips had become corrupted when they were transferred to the external drive. Bolling reported that subsequent efforts to repair the video files had been unsuccessful. Bolling also indicated that Wall had been given the opportunity to view the other two video clips and that one of those clips from a handheld camera captured all interactions with Wall on June 7, 2018, beginning with the incident that occurred in the C-100 pod before Wall was moved to the C-300 pod.

During the hearing on the Motion for Spoliation Sanctions, Bolling testified that surveillance cameras are strategically placed on each pod's walls and ceiling to provide views of the entire pod. He explained that it would be extremely unlikely for the surveillance cameras to capture an incident that occurred inside a specific cell, particularly since each cell contains only one small window in the cell door. Additionally, unlike the footage from the handheld cameras used by correctional officers, the surveillance footage contains no audio.

The evidence presented at trial included the video footage recorded by a handheld camera on June 7, 2018. The same footage was previously submitted on summary judgment, along with footage recorded by a surveillance camera in the C-300 pod on that date.

II.

Spoliation of evidence "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). The spoliation of video footage and other electronically stored information is governed by Federal Rule of Civil Procedure 37(e). *See Wall v. Rasnick*, 42 F.4th 214, 222–23 (4th Cir. 2022) (discussing Rule 37(e) in the context of prison video recordings). Under this rule, spoliation occurs when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e).

If a court finds that these threshold requirements have been met, it must then decide whether to impose sanctions. Two categories of sanctions are available under Rule 37(e). First, "upon finding prejudice to another party from loss of the information," the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, and "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation," the court may "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was

unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

Based on the evidence presented, I concluded that Wall's Motion for Spoliation Sanctions must be denied. First, the evidence did not support a finding that the surveillance footage at issue "should have been preserved." Fed. R. Civ. P. 37(e). "A party seeking sanctions based on the spoliation of evidence must establish . . . that the alleged spoliator had a duty to preserve *material* evidence." *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013) (emphasis added). Courts have held that the moving party must demonstrate that the lost or destroyed evidence was "relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 628 (2d Cir. 2018);[*] *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 498 (E.D. Va. 2011) ("[T]he record must show the Court that the spoliated matter was likely to have been favorable to [the moving party's] case," and such a showing requires "probative evidence, not the hyperbole of argument."); *Sampson v. City of Cambridge*, 251 F.R.D. 172, 180 (D. Md. 2008) ("The burden is on the aggrieved party to establish a reasonable

---

[*] I have omitted internal quotation marks and citations throughout this Opinion, unless otherwise noted.

possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to his cause.").

Wall failed to make this showing with respect to any of the surveillance footage at issue. Although Wall asserted that the requested footage from January 28, 2018, and February 7, 2018, would have supported his claims that Moore and Looney falsely charged him with disciplinary offenses in retaliation for filing grievances or lawsuits, those claims were based on actions that allegedly occurred (or did not occur) inside Wall's cell. Given the location of the surveillance cameras and the size and location of the cell door window, it is extremely unlikely that the footage would have shown whether Wall began masturbating when Moore approached his cell door during pill call on January 28, 2018. Likewise, it is extremely unlikely that the footage would have shown whether Looney found a pair of ripped pants or ripped the pants himself during the cell search on February 7, 2018. Although Wall suggested that the surveillance footage may have played a role in the Warden's decision to dismiss the charge of engaging in a lewd or obscene act, he presented no evidence to support this speculative assertion. Consequently, Wall failed to establish that the surveillance footage from January 20, 2018, and February 7, 2018, should have been preserved. *Thompson v. Clarke*, No. 7:17CV00111, 2019 WL 4039634, at *5–6 (W.D. Va. Aug. 27, 2019) (denying a request for spoliation sanctions under similar circumstances).

The same is true for the surveillance footage that Wall requested from the C-100 pod on June 7, 2018. Although Wall asserted that the footage would have shown Dickenson's conduct on that date, the only claims that remained to be tried from the actions that occurred on June 7, 2018, were the claims arising from the use of force to remove Wall's handcuffs in the *C-300* pod, after Wall was moved to a cell in that housing unit. Because Wall's claims against Dickenson were not based on any actions that occurred in the *C-100* pod, he necessarily failed to establish that video footage from that housing unit should have been preserved for use at trial.

Second, and for similar reasons, the evidence did not support a finding that the failure to preserve the requested surveillance footage prejudiced Wall, as required to impose sanctions under Rule 37(e)(1). "Generally, courts find prejudice when spoliation compromises a party's ability to present its case." *Knight v. Boehringer Ingelheim Pharms., Inc.*, 323 F. Supp. 3d 837, 845 (S.D.W. Va. 2018). In other words, "prejudice arises when a party cannot present evidence essential to its underlying claim." *Id.* Having determined that Wall failed to show that the surveillance footage at issue would have contained evidence relevant to his remaining claims, it necessarily follows that the failure to preserve the footage did not prejudice Wall. *Thompson*, 2019 WL 4039634, at *6 (noting that "[t]he lack of relevance translates into a lack of prejudice"). Without a finding of prejudice, sanctions cannot be awarded under Rule 37(e)(1). *Wall*, 42 F.4th at 222.

Third and finally, there was no evidence that would support the imposition of sanctions under Rule 37(e)(2). Under this rule, a court may impose more severe sanctions, including the entry of default judgment or the issuance of an adverse inference instruction, "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Wall did not produce any evidence that would support such a finding in this case. Thus, even if the threshold requirements under Rule 37(e) had been met, I would not have imposed either of the severe sanctions requested by Wall.

### III.

For the foregoing reasons, Wall's Motion for Spoliation Sanctions was DENIED.

DATED: December 19, 2023

/s/ JAMES P. JONES
Senior United States District Judge